UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-1103-GCM

| | | |
|---|---|---|
| BENJAMIN BOWMAN, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) | ORDER |
| SUMMIT COFFEE, | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the Court upon movant Summit Coffee Holdings, LLC's ("SCH") Motion to Dismiss pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure. The pro se Plaintiff has filed a response in opposition, and movant has filed a reply. Accordingly, this matter is ripe for disposition.

I.     FACTUAL BACKGROUND

Plaintiff Benjamin Bowman filed his pro se Amended Complaint against "Summit Coffee"[1] as the named Defendant seeking relief for claims stemming from an alleged incident believed to have occurred at a cafe called "Summit on the Plaza," located at 2501 The Plaza Suite 6, Charlotte, NC 28205.[2] Plaintiff alleged that he was denied access to the café because of his service animal. (Doc. No. 3). Upon initial review of the Amended Complaint and consideration of Plaintiff's application to proceed in forma pauperis ("IFP"), the Court entered an Order granting the IFP application and allowing certain claims, including an Americans with

---

[1] SCH asserts that it is not affiliated with any legal entity named "Summit Coffee" and is not aware of the existence of any legal entity entitled "Summit Coffee." (Declaration of Andrew Kelleher, Doc. No. 13-3, p. 2).
[2] SCH is not the owner of Summit Coffee on the Plaza. (Doc. No. 13-3, p. 1).

Disabilities Act claim, to proceed beyond initial review. (Doc. No. 6). The United States Marshal's Office was directed to serve process upon the Defendant. *Id.*

The caption of Plaintiff's Amended Complaint lists the only Defendant as "Summit Coffee" and the summons lists the Defendant and address as "Summit Coffee, 215 South Main St. Ste 206, Davidson, NC 28036." (Doc. Nos. 3 and 3-3). The summons does not identify an officer, director, or managing agent. On February 28, 2025, a U.S. Marshal delivered a copy of Plaintiff's Summons and Amended Complaint to a café at 128 South Main Street, Davidson, North Carolina known as "Summit Coffee Basecamp." (Doc. Nos. 13-2 and 13-3, pp.1-2). Summit Coffee Basecamp is owned by and operated by SCH. (Doc. No. 13-3, p. 1). The Summons and Amended Complaint were received and signed for by Lucille Champlin, the Assistant Manager of Summit Coffee Basecamp. (*Id.* at p. 2). Ms. Champlin is not an officer, director, or managing or general agent of SCH or the company that owns and operates the "Summit Coffee on the Plaza" cafe, nor is she an agent authorized by appointment or by law to receive service of process on behalf of those entities. (Doc. No. 13-3, p. 2, and 13-4, p. 1). Moreover, Summit Coffee Basecamp in Davidson is not the corporate headquarters for SCH or the company that owns and operates "Summit Coffee on the Plaza." (Doc. No 13-3, p. 2). The Summit Coffee Basecamp address (128 South Main Street, Davidson, North Carolina 28036) is neither the registered address nor the address for the principal place of business for SCH or the company that owns and operates "Summit Coffee on the Plaza" café. (*Id.*)

The Proof of Service lists that the Summons was for "Summit Coffee" and checks the first box for service on an individual, who is identified as "Summit Coffee." (Doc. No. 13-2). No other person or entity is listed and no other box, including the third box, designed for service of a corporation or LLC, is checked on the Proof of Service. *Id.*

SCH moves to dismiss the Amended Complaint pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure on the grounds of insufficient process and insufficient service of process.

## II. DISCUSSION

Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure "provide for dismissal where a litigant fails to follow the rules of process in serving pleadings." *Miller v. Charlotte Mecklenburg Sch*, No. 3:24-CV-00511-FDW-DCK, 2024 WL 4354716, at *2 (W.D.N.C. Sept. 30, 2024). Rule 12(b)(4) addresses the sufficiency of the form of the process while Rule 12(b)(5) concerns the mode of delivery of the summons and complaint. *Id*.

Courts may not exercise personal jurisdiction over a defendant where the procedural requirements of service or the summons are not satisfied. *Omni Cap. Int'l v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Actual notice that the lawsuit is occurring is insufficient and the "plain requirements for the means of effecting service of process may not be ignored." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). Although actual notice of the litigation does entitle courts to liberally construe the rules regarding service of process and "every technical violation of the rule or failure of strict compliance may not invalidate the service of process," a court is not entitled to ignore the plain requirements of the rules regarding effective service of process simply because actual notice of the litigation exists or even because a plaintiff is proceeding pro se. *Id.*; *Cunningham v. Wells Fargo N.A.*, No. 3:19-cv-00528-FDW, 2020 WL 5300843, at *2 (W.D.N.C. Sept. 4, 2020); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) (establishing that pro se litigants must comply with procedural rules and courts cannot "excuse mistakes by those who proceed without counsel").

The Court will first address SCH's argument that this case should be dismissed for insufficient process pursuant to Rule 4. A summons must "be directed to the defendant." Fed. R. Civ. P. 4(a)(1)(B). Where an officer, director, or managing or authorized agent is not identified in the summons, the summons "is defective on its face." *Gittens v. Equifax*, No. 3:16-cv-00228-FDW-DSC, 2019 WL 5790655, at *2 (W.D.N.C. Nov. 5, 2019). Here, Plaintiff's summons fails to identify an officer, director, or managing or authorized agent. Therefore, the summons is defective.

The Court next addresses whether service of process was deficient. Rule 4 of the Federal Rules of Civil Procedure provides plaintiffs several options to accomplish valid service upon a defendant within the contours of the Rule. Specifically, Rule 4(h) dictates that "[u]nless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

> (1) in a judicial district of the United States:
>
>> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>>
>> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and — if the agent is one authorized by statute and the statute so requires — by mailing a copy of each to the defendant; . . .

Fed. R. Civ. P. 4(h)(1).

Rule 4(e)(1) provides that, for service of an individual within a U.S. judicial district, "unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed R. Civ. P. 4(e)(1). North Carolina Rule of Civil Procedure 4(j)(6) provides that

4

service of process "[u]pon a domestic or foreign corporation" may be accomplished "by one of the following:

> a. By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office.
>
> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
>
> c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served as specified in paragraphs a and b.
>
> d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, or agent to be served as specified in paragraphs a. and b., delivering to the addressee, and obtaining a delivery receipt. As used in this sub-division, "delivery receipt" includes an electronic or facsimile receipt.

N.C. Gen. Stat. §1A-1, Rule 4(j)(6).

Plaintiff's attempted service of process fails to meet any of these requirements.

As stated above, Fed. R. Civ. P. 4(h)(1)(B) offers Plaintiff an alternative means to validly serve a corporation. However, Plaintiff has likewise failed to meet the legal requirements for service of process under this provision. The Summons and Complaint were left with Champlin, who is not an employee of "Summit Coffee," and who otherwise is not an officer, managing or general agent, or authorized agent of any entity, let alone SCH or the entity that owns Summit Coffee on the Plaza. Accordingly, Plaintiffs attempted service of process is inadequate under Rule 4.

The Court finds that both the process and service of process herein were defective, which is a sufficient basis to dismiss the Amended Complaint. The Motion to Dismiss and accompanying memorandum was filed March 21, 2025, and set forth in great detail the

5

deficiencies in Plaintiff's process and service of process. Since then, Plaintiff has made no attempt to seek to amend the summons and properly serve the Defendant. Moreover, Plaintiff, having filed at least two other recent lawsuits in this district including one in which service was accomplished and another in which Defendant waived service, has enough of an understanding of the applicable rules to know that his summons and service of process are deficient. (*See Bowman v. Atrium Health*, No. 3:24-cv-01027-FDW-DCK; *Bowman v. Charlotte Mecklenburg Police Department, et al*. No. 3:25-cv-00029-FDW-DCK).

IT IS THEREFORE ORDERED that SCH's Motion to Dismiss (Doc. No. 12) is hereby GRANTED, and this case is DISMISSED WITHOUT PREJUDICE;

IT IS FURTHER ORDERED that Plaintiff's Motion for Alternative Service (Doc. No. 5), Motion for Standing Order Regarding Additional Time (Doc. No. 20), and Motion for Entry of Default (Doc. No. 22) are DISMISSED AS MOOT.

The Clerk's Office is respectfully instructed to close this case.

Signed: June 23, 2025

Graham C. Mullen
United States District Judge